Michael D. Braun (167416)
BRAUN LAW GROUP, P.C.
12400 Wilshire Blvd., Suite 920
Los Angeles, CA 90025
Tel:    (310) 442-7755
Fax:    (310) 442-7756

**Liaison Counsel for Lead Plaintiffs**

Andrew M. Schatz *(Admitted Pro Hac Vice)*
Jeffrey S. Nobel *(Admitted Pro Hac Vice)*
Justin S. Kudler *(Admitted Pro Hac Vice)*
SCHATZ & NOBEL, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, Connecticut 06103
Tel:    (860) 493-6292
Fax:    (860) 493-6290

**Lead Counsel for Lead Plaintiffs**

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

*E-FILED - 1/12/06*

| | |
|---|---|
| IN RE NETOPIA, INC. SECURITIES LITIGATION | CASE NO.: C 04-3364 RMW (PVT) And Related Cases |
| | <u>CLASS ACTION</u> |
| This Document Relates to: | REQUEST FOR CASE MANAGEMENT CONFERENCE AND [PROPOSED] ORDER |
| All Actions | |
| | DATE:  February 3, 2006<br>TIME:  10:30 a.m.<br>ASSIGNED TO:  Hon. Ronald M. Whyte<br>CTRM:  6 |

## I. PROCEDURAL BACKGROUND

On June 29, 2005, Plaintiffs filed their Consolidated Amended Complaint (the "Complaint"). On August 29, 2005, a Notice of Motion and Motion to Dismiss, or in the Alternative to Strike Allegations from Plaintiffs' Consolidated Amended Complaint was filed by Netopia, Inc. ("Netopia"), Alan B. Lefkof ("Lefkof"), and David A. Kadish ("Kadish"), and joined by Thomas A. Skoulis ("Skoulis") and William D. Baker ("Baker") (collectively, "Defendants"). On September 6, 2005, Defendant Baker filed a Notice of Motion and Motion to Dismiss Allegations from Plaintiffs' Consolidated Amended Complaint. On October 13, 2005, Plaintiffs filed a Memorandum of Points and Authorities in Opposition to All Defendants' Motions to Dismiss and/or Strike. In the various motions to dismiss, none of the Defendants, Netopia, Lefkof, Baker or Skoulis disputed that the Complaint properly alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 with respect to the revenue and earnings reported for the fourth quarter ended September 30, 2003 (first reported on November 5, 2003), attributable to a purported transaction between Netopia and a customer (ICC) concerning the School District of Philadelphia, Pennsylvania ("Philadelphia").

On October 24, 2005, Plaintiffs filed a Notice of Motion and Motion to Lift Discovery Stay with a Memorandum of Points and Authorities in Support Thereof (the "Discovery Motion").[1] By the Discovery Motion, Plaintiffs sought production of copies of the same documents that have been already produced pursuant to investigations conducted by U.S. Government agencies (*i.e.*, the SEC, the Office of the U.S. Attorney's Office, and OSHA) concerning Netopia, as well as the transcripts of any testimony provided in connection with these investigations. Plaintiffs asserted, *inter alia*, that notwithstanding the pendency of the various motions to dismiss, Plaintiffs were entitled to an order pursuant to 15 U.S.C. §78u-4(b)(3)(B) permitting that discovery because (i) as discussed above, Defendants Netopia, Lefkof, Baker and Skoulis did not dispute that the Complaint properly alleged violations of Sections 10(b) and 20(a) with respect to Philadelphia, so, regardless of the outcome of their pending motions to dismiss, this litigation would proceed and discovery would

---

[1] Defendant Kadish was not named in the Discovery Motion.

1

REQUEST FOR CASE MANAGEMENT CONFERENCE AND [PROPOSED] ORDER
CASE NO.: C 04-3364 RMW (PVT)
\\Fileserver\shareddocs\BLG\NETOPIA\PLD-WPD\CMC Request.wpd

occur and/or (ii) numerous Courts had held that the PSLRA's discovery stay provisions did not apply to prevent the disclosure to Plaintiffs of information already produced in response to investigations by governmental agencies.

By a December 15, 2005 Order, the Court, *inter alia*, sustained the sufficiency of the Section 10(b) claims against all Defendants (except Kadish), and sustained the sufficiency of the Section 20(a) claims against all Defendants. In its December 15, 2005 Order, the Court also granted Defendants' motion to strike allegations concerning a pre-class period transaction, and required that Plaintiffs replead the sustained claims in a complaint that was no longer than thirty-five (35) pages within twenty (20) days. On January 3, 2006, Plaintiffs filed their Second Consolidated Amended Complaint in accordance with the Court's December 15, 2005 Order.[2]

On January 3, 2006, Defendants Netopia and Lefkof filed an Opposition to Plaintiffs' Motion to Lift Discovery Stay on Grounds of Mootness (the "Opposition").[3] In their Opposition, Defendants Netopia and Lefkof proposed that Plaintiffs withdraw Plaintiffs' Motion because:

> it is now clear that some portion of this case will proceed[,]. . . plaintiffs' motion to lift the discovery stay is now moot [and] the most efficient course is for plaintiffs to withdraw this motion, and properly serve discovery requests pursuant to the Federal Rules of Civil Procedure.

Opposition at 3. Defendants Netopia, Lefkof, Baker and Skoulis, through their respective counsel, subsequently confirmed in writing (on January 5, 2006 and January 6, 2006) to Plaintiffs' Counsel that the PSLRA's discovery stay provisions did not operate to bar discovery in this litigation if Plaintiffs' Motion was withdrawn, regardless of whether any motion to dismiss is filed. In reliance upon these representations by Defendants' counsel, Plaintiffs intend to withdraw the Discovery Motion.

Plaintiffs now seek a Case Management Conference in order to conduct full discovery in this litigation.

---

[2] On December 27, 2005, Defendants Netopia, Lefkof and Kadish moved for leave to file a limited motion for reconsideration of the Court's December 15, 2005 Order, concerning only the Court's denial of Defendants' motion to dismiss the Complaint's allegations relating to misrepresentations about Netopia's revenue from Swisscom, A.G.

[3] Defendants Baker and Skoulis have not filed any opposition to the Discovery Motion.

2

1  II.   THE COURT SHOULD SET A CASE MANAGEMENT CONFERENCE

2          In the August 17, 2004 Order Setting Initial Case Management Conference, the Court
3  scheduled a Case Management Conference to be held on December 17, 2004. In a December 14,
4  2004 Order, the Court rescheduled that Case Management Conference to July 1, 2005. The Case
5  Management Conference was not held on July 1, 2005, as the motion to dismiss or strike briefing
6  had not been completed, and the Case Management Conference has not been rescheduled.
7          Plaintiffs propose the following schedule:

| Date | Event |
|---|---|
| 01/27/06 | Deadline for serving of initial disclosures, filing and serving of Case Management Statement/Rule 26(f) Report |
| 0̶2̶/̶0̶3̶/̶0̶6̶ 2/10/06 | Case Management Conference at 10:30 a.m. |

12  III.   CONCLUSION

13         For the foregoing reasons, Plaintiffs respectfully request that the Court (a) set January 27,
14  2006 as the deadline for (i) serving of initial disclosures, and (ii) filing and serving of a Case
15  Management Statement/Rule 26(f) Report, and (b) schedule a Case Management Conference for
16  February 3, 2006 at 10:30 a.m.

18  Dated: January 9, 2006                    Andrew M. Schatz
                                              Jeffrey S. Nobel
19                                            Justin S. Kudler
                                              SCHATZ & NOBEL, P.C.
20

22                                By:    /S/ JEFFREY S. NOBEL
                                         Jeffrey S. Nobel
                                         One Corporate Center
23                                       20 Church Street, Suite 1700
                                         Hartford, Connecticut  06103
24                                       Tel:   (860) 493-6292
                                         Fax:   (860) 493-6290
25
                                         **Lead Counsel for Lead Plaintiffs**

3

|     |     |
| --- | --- |
| 1   | Michael D. Braun |
| 2   | BRAUN LAW GROUP, P.C. |
|     | 12400 Wilshire Blvd., Suite 920 |
| 3   | Los Angeles, CA 90025 |
|     | Tel:   (310) 442-7755 |
| 4   | Fax:  (310) 442-7756 |

**Liaison Counsel for Lead Plaintiffs**

Reed R. Kathrein
James W. Oliver
LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111
Tel:   (415) 288-4545
Fax:  (415) 288-4534

- and -

William S. Lerach
LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
401 B Street, Suite 1700
San Diego, CA 92101
Tel:   (619) 231-1058
Fax:  (619) 231-7423

**Additional Counsel for Plaintiffs**

## [PROPOSED] ORDER

1. By January 27, 2006, all parties must: (i) serve initial disclosures, and (ii) file and serve a Case Management Statement/Rule 26(f) Report.

2. The Case Management Conference is scheduled for February 3, 2006 at 10:30 a.m.

**IT IS SO ORDERED:**

DATED: __1/12_____, 2006                  /S/ RONALD M. WHYTE
                                                                  HON. RONALD M. WHYTE
                                                                  U.S. DISTRICT COURT JUDGE

4

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                         )ss.:
COUNTY OF LOS ANGELES    )

    I am employed in the county of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 12400 Wilshire Boulevard, Suite 920, Los Angeles, CA 90025.

    On January 9, 2006, using the Northern District of California's Electronic Case Filing System, with the ECF ID registered to Michael D. Braun, I filed and served the document(s) described as:

**REQUEST FOR CASE MANAGEMENT CONFERENCE AND [PROPOSED] ORDER**

    The ECF System is designed to automatically generate an e-mail message to all parties in the case, which constitutes service. According to the ECF/PACER system, for this case, the parties served are as follows:

| | |
|---|---|
| Andrew M. Schatz, Esq. | aschatz@snlaw.net |
| Jeffrey S. Nobel, Esq. | jnobel@snlaw.net |
| Justin S. Kudler, Esq. | jkudler@snlaw.net |
| Patrice L. Bishop, Esq. | service@ssbla.com |
| Timothy J. Burke, Esq. | service@ssbla.com |
| Howard S. Caro, Esq. | hearo@hewm.com<br>yanad.burrellcarter@hellerehrman.com |
| Darren J. Check, Esq. | dcheck@sbclasslaw.com |
| Patrick J. Coughlin, Esq. | patc@mwbhl.com<br>e_file_sd@lerachlaw.com<br>e_file-sf@lerachlaw.com |
| Robert S. Green, Esq. | cand.uscourts@classcounsel.com |
| Sean M. Handler, Esq. | shandler@sbclasslaw.com<br>nwortman@sbclasslaw.com |
| William S. Lerach, Esq. | bill@lerachlaw.com |
| Stanley S. Mallison, Esq. | stanm@mwbhl.com<br>e_file_sd@lerachlaw.com<br>e_file_sf@lerachlaw.com |

| | | |
|---|---|---|
| 1 | Tricia L. McCormick, Esq. | triciam@lerachlaw.com |
| 2 | | e_file_sd@lerachlaw.com<br>e_file_sf@lerachlaw.com |

**Attorneys for Plaintiffs**

| | | |
|---|---|---|
| 4 | Jamaar M. Boyd, Esq. | jboyd@proskauer.com |
| 5 | | jamaarbw@yahoo.com |
| 6 | Sara B. Brody, Esq. | sbrody@hewm.com |
| 7 | Susan D. Resley, Esq. | sresley@orrick.com |

**Attorneys for Defendants**

On January 9, 2006, I served the document(s) described as:

**REQUEST FOR CASE MANAGEMENT CONFERENCE AND [PROPOSED] ORDER**

by placing a true copy(ies) thereof enclosed in a sealed envelope(s) addressed as follows:

Jules Brody, Esq.
Aaron Brody, Esq.
Tzivia Brody, Esq.
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
**Tel.: (212) 687-7230**
**Fax: (212) 490-2022**

Marc A. Topaz, Esq.
Richard A. Maniskas, Esq.
Tamara Skvirky, Esq.
SCHIFFRIN & BARROWAY
280 King of Prussia
Radnor, PA 19087
**Tel:    (610) 667-7706**
**Fax:   (610) 667-7056**

**Attorneys for Plaintiffs**

I served the above document(s) as follows:

BY MAIL. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in an affidavit.

1  I further declare, pursuant to Civil L.R. 23-2, that on the date hereof I served a copy of the above-listed document(s) on the Securities Class Action Clearinghouse by electronic mail through the following electronic mail address provided by the Securities Class Action Clearinghouse:

**jcarlos@law.stanford.edu**

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I further declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on January 9, 2006, at Los Angeles, California 90025.


                                          /S/ LEITZA MOLINAR
                                            Leitza Molinar