SARA B. BRODY (Bar No. 130222)
HOWARD S. CARO (Bar No. 202082)
MICHAEL E. LIFTIK (Bar No. 232430)
MADELEINE LOH (Bar No. 233388)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
Sara.Brody@hellerehrman.com
Howard.Caro@hellerehrman.com
Michael.Liftik@hellerehrman.com
Madeleine.Loh@hellerehrman.com

[Additional Counsel Listed on Signature Page]

Attorneys for Defendants
NETOPIA, INC., ALAN B. LEFKOF, AND DAVID A KADISH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE NETOPIA, INC. SECURITIES LITIGATION | Case No.: C 04-3364 RMW<br>And Related Cases<br><br>[~~PROPOSED~~] **ORDER REGARDING CONFIDENTIALITY**<br><br>Judge:  Ronald M. Whyte<br>Courtroom:  6, Fourth Floor |
| This Document Relates to:  All Actions | |

[PROPOSED] ORDER RE CONFIDENTIALITY: C 04-3364 RMW

Disclosure and discovery activity in these consolidated actions are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order.

1. <u>DEFINITIONS</u>

    1.1    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    1.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    1.3    <u>"Confidential" Information or Items</u>: Disclosure or Discovery Material that is non-public and that a Party in good faith believes must be held confidential to protect personal privacy interests or proprietary commercial or business information, including trade secrets.

    1.4    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

    1.5    <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

    1.6    <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

    1.7    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

    1.8    <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

    1.9    <u>In-house Counsel</u>: attorneys who are employees of a Party.

[PROPOSED] ORDER RE CONFIDENTIALITY: C 04-3364 RMW

1.10 <u>Counsel</u> (without qualifier): Outside Counsel and In-house Counsel (as well as their support staffs).

1.11 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

2. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

3. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

4. <u>DESIGNATING PROTECTED MATERIAL</u>

4.1 <u>Marking of Protected Material (other than deposition transcripts)</u>.

Any Party to this litigation, or non-party who produces Disclosure or Discovery Material, shall have the right to designate as "CONFIDENTIAL" any Protected Material it produces. All Protected Material shall bear a legend on each page stating that the material is "CONFIDENTIAL." In order to speed the process of producing large volumes of

2

1  Protected Material, multi-page documents in which Protected Material is pervasive may be
2  marked "CONFIDENTIAL" throughout, with the understanding that portions of those
3  documents not containing Protected Material can be de-designated through the meet-and-
4  confer process of Paragraph 5.2.  Where a computer disk has been marked as Protected
5  Material, and the files on it are not individually Bates-numbered or identified as Protected
6  Material, all files contained on the disk shall be considered Protected Material.

7      A Party or non-party that makes original documents or materials available for
8  inspection need not designate them for protection until after the inspecting Party has
9  indicated which material it would like copied and produced. During the inspection and
10 before the designation, all of the material made available for inspection shall be deemed
11 "CONFIDENTIAL." After the inspecting Party has identified the documents it wants
12 copied and produced, the Producing Party must determine which documents, or portions
13 thereof, qualify for protection under this Order, then, before producing the specified
14 documents, the Producing Party must affix the "CONFIDENTIAL" legend at the bottom of
15 each page that contains Protected Material.

16     Indiscriminate designations are prohibited.  Designations that are shown to be clearly
17 unjustified, or that have been made for an improper purpose (e.g., to unnecessarily
18 encumber or retard the case development process, or to impose unnecessary expenses and
19 burdens on other parties), expose the Designating Party to sanctions.  If it comes to a Party's
20 or a non-party's attention that Disclosure or Discovery Material does not qualify for
21 protection at all, or does not qualify for the level of protection initially asserted, that Party
22 or non-party shall promptly notify all other parties that it is withdrawing the mistaken
23 designation.

24     4.2   <u>Depositions</u>. Deposition testimony may be classified as Protected Material at
25 the deposition, or at any time during a review period of up to and including 30 days after
26 receipt of the official transcript of such testimony by counsel for the Party whose
27 information has been disclosed, or in the case of non-parties or others whose information
28 has been disclosed, up to and including 30 days after the transcript is available for review,

3
[PROPOSED] ORDER RE CONFIDENTIALITY: C 04-3364 RMW

1 whichever period is longer.  Each deposition transcript in its entirety shall be treated as
2 having been designated "CONFIDENTIAL" during the review period.  Designations of
3 Protected Material during the review period will be made in writing served upon all Parties
4 and relevant non-parties.

5 Designations of Protected Material made during the deposition will be reasonably
6 identified at the beginning of the deposition transcript when produced.  Transcript pages
7 containing Protected Material must be separately bound by the court reporter, who must
8 affix to the bottom of each such page the legend "CONFIDENTIAL" as instructed by the
9 Party or non party offering or sponsoring the witness or presenting the testimony.

10     4.3    <u>Re-Designation</u>:  Inadvertent production of any Protected Material without a
11 designation of confidentiality will not, standing alone, be deemed to waive a later claim as
12 to its proper designation, nor will it prevent the Producing Party from designating said
13 document or material "CONFIDENTIAL" at a later date.  The Producing Party shall
14 comply with Paragraph 4.1 when redesignating Disclosure or Discovery Material as
15 Protected Material.  Following any such redesignation, the Party receiving such material
16 shall take reasonable steps to comply with the redesignation.  However, the Receiving Party
17 shall not be obligated to remove from the public record any Disclosure or Discovery
18 Material that had been filed with the Court as part of the public record prior to the
19 Producing Party's redesignation of that material as Protected Material.  The Producing Party
20 may move to have any such material sealed.

21 5.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

22     5.1    <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's
23 confidentiality designation is necessary to avoid foreseeable substantial unfairness,
24 unnecessary economic burdens, or a later significant disruption or delay of the litigation, a
25 Party does not waive its right to challenge a confidentiality designation by electing not to
26 mount a challenge promptly after the original designation is disclosed.

27     5.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating
28 Party's confidentiality designation must do so in good faith and must begin the process by

4
[PROPOSED] ORDER RE CONFIDENTIALITY: C 04-3364 RMW

conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the Protected Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

5.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

6.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. It may not use Protected Material for any other purpose. Such Protected Material maybe disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 7, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location

and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(c)     experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g)     the author of the document or the original source of the information.

6.3     <u>Protected Material Subpoenaed Or Ordered Produced In Other Litigation</u>.  If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as

6
[PROPOSED] ORDER RE CONFIDENTIALITY: C 04-3364 RMW

"CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

     The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its CONFIDENTIAL material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

     6.4    <u>Unauthorized Disclosure Of Protected Material</u>.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

     6.5    <u>Using Protected Material in Court</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

7.    <u>FINAL DISPOSITION</u>

7

[PROPOSED] ORDER RE CONFIDENTIALITY: C 04-3364 RMW

Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION), above.

8. <u>RIGHT TO FURTHER RELIEF</u>

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

9. <u>RIGHT TO ASSERT OTHER OBJECTIONS</u>

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

[PROPOSED] ORDER RE CONFIDENTIALITY: C 04-3364 RMW

| | |
|---|---|
| DATED: September 11, 2006 | /s/ Seth R. Klein<br>Seth R. Klein* |

SCHATZ & NOBEL, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, Connecticut 06103
Tel: (860) 493-6292
Fax: (860) 493-6290
**Lead Counsel for Lead Plaintiffs**

Michael D. Braun
BRAUN LAW GROUP, P.C.
12400 Wilshire Blvd., Suite 920
Los Angeles, CA 90025
Tel: (310) 442-7755
Fax: (310) 442-7756
**Liaison Counsel for Lead Plaintiffs**

Reed R. Kathrein
James W. Oliver
LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111
Tel: (415) 288-4545
Fax: (415) 288-4534
   -and-
William S. Lerach
LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
401 B Street, Suite 1700
San Diego, CA 92101
Tel: (619) 231-1058
Fax: (619) 231-7423
**Additional Counsel for Plaintiffs**

| | |
|---|---|
| DATED: September 11, 2006 | /s/ Theresa A. Sutton<br>Theresa A. Sutton* |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
Tel: (650) 614-7400
Fax: (650) 614-7401
**Counsel to Defendant William D. Baker**

9
[PROPOSED] ORDER RE CONFIDENTIALITY: C 04-3364 RMW

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | DATED: September 11, 2006 | /s/ Robert Herrington |
| 4 | | Robert Herrington* |

SKADDEN ARPS SLATE
MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071
Tel: (213) 687-5000
Fax: (213) 687-5600
**Counsel to Defendant Thomas A. Skoulis**

DATED: September 11, 2006                    /s/ Michael E. Lifitik
                                             Michael E. Liftik

HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104
Tel: (415) 772-6000
Fax: (415) 772-6268
**Counsel for Defendants Netopia, Inc.,
Alan B. Lefkof and David A. Kadish**

*I, Michael E. Liftik, under whose ECF user name and password this document is electronically filed, attest that the above-signed counsel have read and approved the [PROPOSED] ORDER REGARDING CONFIDENTIALITY and consent to its filing in this action.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: September 12, 2006                    /s/ Patricia V. Trumbull
                                             PATRICIA V. TRUMBULL
                                             UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                       [printed name]

Signature: _____
                [signature]