UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE NETOPIA, INC. SECURITIES LITIGATION,<br><br>This document Relates to:<br><br>All Actions | Case No.: C 04-3364 RMW (PVT)<br>And Related Cases<br><br>**ORDER REQUIRING FURTHER BRIEFING ON PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

On October 17, 2006 Plaintiffs filed a Motion to Compel Production of Documents responsive to their First, Second and Third Requests for Production of Documents (the "Document Requests"). Plaintiffs seek to compel production of documents withheld and redacted on the basis of attorney-client privilege and work product immunity, claiming that any privilege or immunity has either not been established or has been waived. The Court held a hearing on November 28, 2006. The parties raised complicated and unsettled issues of law in their briefs and at oral argument. Accordingly, IT IS HEREBY ORDERED that the parties shall submit further briefing addressing solely the following topics:

1. Did the testimony of Netopia employees before the SEC waive the attorney-client privilege and/or work product immunity because there was no agreement in place covering the confidentiality of testimony?

2. How do the purposes behind the attorney-client privilege and the work product

|   |   |   |
|---|---|---|
| | | immunity support either a waiver or non-waiver from disclosure to the SEC? |
| | 3. | Defendants shall explain why they have not asserted that most of the documents which they claim are protected by the work product immunity were created in anticipation of litigation. Defendants shall either withdraw the designation of documents as covered by the work product immunity or address why the documents are properly designated. |
| | 4. | Plaintiffs shall distinguish this case from *In re Mckesson HBOC, Inc*. 2005 WL 934331 (March 31, 2005), giving particular attention to Judge Whyte's finding that the work product immunity was not waived by disclosure to the SEC. |
| | 5. | Have Defendants attempted to use the findings of the internal investigation to gain a benefit in this litigation? Defendants shall explain which, if any, documents created by counsel for Netopia's audit committee were disclosed to the SEC. |
| | 6. | Partial disclosure effects a waiver as to the subject matter disclosed. Defendants claim that any waiver should not involve communications with outside counsel. Why should a subject matter waiver be limited to conversations with a particular attorney? |
| | 7. | Counsel for Defendants shall file a declaration under penalty of perjury stating whether they have access to the interview notes or other confidential documents from the internal investigation. Both sides shall briefly address whether such possession indicate a waiver of the attorney-client privilege and/or work product immunity? |
| | 8. | What is the authority for withholding documents under European privacy regulations, especially documents in the custody of entities within the United States? |

//
//
//

9. Does being copied on correspondence rise to the level of reasonable cause to believe that an attorney is a participant in a crime or fraud such that the crime/fraud exception to the attorney-client privilege applies?

IT IS SO ORDERED.

Dated: December 4, 2006

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge